THOMAS *v.* BLAIR.

1. DAMAGES—CARRIERS — DELAY—MEASURE OF DAMAGES—FREIGHT —BILL OF LADING—WRONGFUL DELIVERY.

On the trial of an action for wrongful delivery of freight under an order bill of lading which was forwarded to a bank, attached to a draft, with instructions to allow inspection of the car, which, however, was delivered to the purchaser without requiring the payment of the draft, plaintiff was entitled to recover from the carrier such damages as he sustained because of his inability to collect the purchase price.

2. SAME—INITIAL CARRIER — LIABILITY — NEGLIGENCE — WRONGFUL DELIVERY.

The initial carrier is liable in damages to the consignor pursuant to the Federal statute (34 U. S. Stat. 595) for failure of the carrier at the destination to require production of the bill of lading before delivering the shipment.

3. CARRIERS—FREIGHT—DELIVERY—JURY—TRIAL.

> Evidence tending to show that the consignor was unable to collect the purchase price of a carload of beans by reason of the wrongful delivery to the consignee without requiring the production of the original bill of lading, not contradicted by testimony offered on the part of the defense, presented a question of law, which the court properly determined in favor of plaintiff without submitting the question to the jury.

Error to Kent; Perkins, J. Submitted June 9, 1914. (Docket No. 43.) Decided April 6, 1915.

Case by Lindsay P. Thomas and others against Frank W. Blair and others as receivers of the Pere Marquette Railroad Company for the wrongful delivery of a car of beans. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Norris, McPherson, Harrington & Waer* (*Parker, Shields & Brown,* of counsel), for appellants.

*R. M. Shivel* (*Hall & Gillard* and *Beaumont, Smith & Harris,* of counsel), for appellees.

McALVAY, J. Plaintiffs recovered judgment against defendants in the circuit court for the county of Kent in an action on the case for the value of 250 bags of beans. Defendants have removed the case to this court for review upon writ of error.

The material facts in the case are not complicated and require but a brief statement. Plaintiffs, copartners, who were engaged in the produce business at Lowell, Mich., on April 24, 1912, sold to A. J. Thompson Company, of Chicago, four cars of beans, and on April 26th received an order in writing from the vendee to ship one car of these beans to their order to Evansville, Ind., giving directions as to the route, to notify Ragon Bros., of that place, and to "allow inspection." According to these instructions, plain-

tiffs, on the day last mentioned, delivered said car of. beans, containing : 250 bags, to defendants, and received from them what is known as an "order notify" bill of lading. The material parts of this long document only require to be stated, as follows:

"Order Bill of Lading—Original.

"Received * * * at Lowell, Michigan, April 26th, 1912, from L. P. Thomas & Co., the property described below. * * * Consigned to order of A. J. Thompson Co., Evansville, Indiana. Notify Ragon Bros. at same (place). * * *

"Allow inspection.

"L. P. Thomas & Co., Shipper.

"M. B. Conklin, Agent."

It also contained the following:

"The surrender of this original order bill of lading properly indorsed shall be required before the delivery of the property."

As this property was not paid for, plaintiffs immediately mailed this bill of lading with draft for the price of the beans attached to Kansas City for collection, as instructed by vendee. The car went forward to Evansville, Ind., and the beans were delivered to Ragon Bros. by the terminal carrier without the production of the original bill of lading, upon presentation of the following written order:

"Chicago, May 3rd, 1912.

"Car No. 42480, P. M.

"E. T. H. R. R.,

"Evansville, Indiana.

"Please deliver Ragon Bros. 250 bags of beans out of car 42480 P. M. on payment of charges without surrender of original B-L.

"Arthur J. Thompson Co., per Zima."

Ragon Bros. having paid all the freight charges.

The draft sent to Kansas City with bill of lading attached was returned to plaintiffs June 6, 1912, unpaid. A second draft for the same amount with bill

of lading attached, upon request of A. J. Thompson Company, was sent by plaintiffs, June 15, 1912, to Chicago for collection, and with the bill of lading was returned unpaid July 1, 1912. The draft and bill of lading were afterwards again sent to Chicago, August 2, 1912, with instructions that if not paid on presentation to return at once. This draft was not paid and was returned to plaintiffs with bill of lading attached, August 8, 1912. Plaintiffs, not having been paid for these beans, began this suit. Issue was joined, and a trial was had before the court without a jury. Findings of fact and conclusions of law were made and filed by the court in favor of plaintiffs and against defendants, upon which a judgment in favor of plaintiffs was accordingly entered. Certain amendments to these findings of fact and conclusions of law were proposed by counsel for defendants and considered and argued before the court, which, except as to immaterial omissions and modifications, were denied, and exceptions to such denials were duly taken.

The errors assigned and relied upon by appellants in this court are presented in three groups, which are stated by counsel as follows:

"(1) The court erred in refusing to hold that, the consignor having consigned the goods to the order of the consignee, the delivery of the goods on the consignee's written order without the production of the original order bill of lading gave the consignor no right of action against the carrier.

"(2) The court erred in holding defendants liable as an initial carrier on a claim of the kind involved in this suit.

"(3) The court erred in holding that the evidence sustained the allegation that damage resulted to the plaintiff from the delivery of the shipment complained of in this action."

Counsel for appellants base their argument in support of the first proposition upon the case of *Nelson Grain Company* v. *Railroad Co.*, 174 Mich. 80 (140

N. W. 486), contending that this court so held in that case. In a recent decision handed down by this court where a like contention was made under a bill of lading in all respects similar to that which is the basis of the instant case, this court distinguished the *Nelson Grain Co. Case,* and held as follows (after stating the facts and the question involved therein) :

"In the instant case the plaintiff is the consignor, and not a stranger to the transaction, and gave no order for the delivery of the beans, and so it cannot be said that the surrender provision in the contract of shipment, the bill of lading, was waived. Here the shipper placed his property in possession of the carrier, which gave him a bill of lading making a contract between them which in most positive terms says that its surrender shall be required before the delivery of the property, and upon this agreement the shipper had a right to rely.

"It is true that *prima facie* the consignee is the owner of the goods shipped, but it is equally true, and the rule is well established, that, when there is an order bill of lading outstanding, the carrier delivering the goods without requiring the presentation of the bill does so at its peril, and is liable to a *bona fide* holder thereof. (Citing authorities.)" *Turnbull* v. *Railroad Co.,* 183 Mich. 213 (150 N. W. 132).

As far as this first contention is concerned, this decision is conclusive. The trial court therefore was not in error in refusing to hold as requested by counsel for defendants.

The second proposition of appellants, that there was no liability upon the initial carrier for a loss of the kind involved in this suit, for the reason that the Federal statute under which the action is brought does not cover such a claim, cannot be sustained. This question has been passed upon by the Supreme Court of the United States, followed twice by this court, holding that the initial carrier is liable. *Atlantic, etc., R. Co.* v. *Mills,* 219 U. S. 186 (31 Sup. Ct.

164, 31 L. R. A. [N. S.] 7) ; *Sturges* v. *Railway Co.,* 166 Mich. 231 (131 N. W. 706) ; *Perkett* v. *Railroad Co.,* 175 Mich. 253, at page 259 (141 N. W. 607).

Upon appellants' third proposition, it is only necessary to state that the evidence in the case was undisputed that plaintiffs had, by reason of the unauthorized delivery of these beans by the terminal carrier, suffered a loss to the amount of their value.

The record does not disclose any error on the part of the trial court.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.