## LUSK et al. v. LAWTON GRAIN CO.

No. 9320—Opinion Filed Aug. 13, 1918.

(174 Pac.793.)

### Carriers—Delay in Freight Shipment—Proximate Cause.

On July 23, 1915, Lawton Grain Company delivered to St. Louis & San Francisco Railroad Company a carload of grain to be shipped from Lawton, Okla., to Oklahoma City, "shipper's order," "notify Oklahoma City Mill & Elevator Company." On July 24, 1915, the car was ordered diverted to Kansas City, Mo., and the original bill of lading was surrendered and a new one issued providing for shipment to Kansas City, Mo., "shipper's order," "notify Simonds-Shields Grain Company." The St. Louis & San Francisco Railroad Company, when said car arrived in Oklahoma City on the 24th day of July, 1915, without authority set it out on the track of Oklahoma City Mill & Elevator Company, and permitted it to remain there until the 27th day of July, 1915, at 6 o'clock p. m. Held, that the delay in said shipment was the proximate result of the unauthorized act of said railroad company in delivering the car to the Oklahoma City Mill & Elevator Company, and not the result of making a diversion of said car from Oklahoma City to Kansas City, Mo.

(Syllabus by Davis, C.)

Error from County Court, Comanche County; R. J. Ray, Judge.

Action by the Lawton Grain Company against James W. Lusk and others as receiv-

ers of the St. Louis & San Francisco Railroad Company, a corporation. Judgment for plaintiff, and defendants brings error. Affirmed.

W. F. Evans and R. A. Kleinschmidt, for plaintiffs in error.

Chas. Mitschrich, for defendant in error.

Opinion by DAVIS, C. This action was commenced in the county court of Comanche county, Okla., by defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to recover the sum of $203.87, alleged to be due the plaintiff as damages arising from a shipment of grain from Lawton, Okla., to Kansas City, Mo., on the 22d day of July, 1915. The plaintiff delivered to the defendants a carload of bulk wheat to be shipped to Oklahoma City, Okla., said car being No. 126728. The car of wheat was consigned to the Lawton Grain Company under a bill of lading with the "shipper's order" clause, "Notify Oklahoma City Mill & Elevator Company." A short time after the defendants issued the bill of lading for the shipment to Oklahoma City, the plaintiff decided to divert the car to Kansas City, Mo., and went to the agent of the defendants at Lawton, Okla., and notified said agent of its desire to make said diversion, and in compliance with the request of the plaintiff a new bill of lading was issued, and the bill of lading that had been issued for the shipment to Oklahoma City was surrendered by plaintiff to the agent at Lawton. The agent at Lawton immediately wired the agent of defendants at Oklahoma City that said diversion to Kansas City, Mo., had been made. The telegram thus sent by the agent at Lawton to the agent at Oklahoma City was received at the Oklahoma City office at 2:53 o'clock p. m. on the 24th day of July, 1915. When the car in question arrived at Oklahoma City, it was set upon the side track of the Oklahoma City Mill & Elevator Company in Oklahoma City. The evidence disclosed that the car was set upon the side track of the Oklahoma City Mill & Elevator Company by a crew that was in the employ of the Chicago, Rock Island & Pacific Railroad Company, but that the Chicago, Rock Island & Pacific Railroad Company was acting as agent of the defendants herein in placing said car on the side track of the Oklahoma City Mill & Elevator Company. The car was permitted to remain on the side track where it was thus placed until some time during the day of the 27th day of July, 1915, at which time it was delivered to defendants herein, and arrived at Kansas City,

Mo., on the 30th day of July, 1915, and was sold on the 31st day of July, 1915. The second bill of lading issued by the agent of defendants at Lawton consigned the shipment to the plaintiff at Kansas City, Mo., with the "shipper's order" clause, "Notify Simonds-Shields Grain Company, Kansas City, Mo."

This action was instituted to recover damages alleged to be due by reason of the fact that the defendants herein did not transport the car in question from Lawton to Kansas City, Mo., with reasonable dispatch, and that by reason of the negligent delay in transporting said car, the plaintiff was compelled to sell said wheat on the market at Kansas City at a lower price than it otherwise would have obtained if said wheat had been transported with reasonable dispatch. The defendants filed an answer, and, among other things, set up as a defense that the delay caused in said shipment was due to the action of the plaintiff in diverting said shipment from Oklahoma City to Kansas City, Mo., and that such delay was not in any sense due or occasioned by the negligence of the defendants with reference to said shipment. A reply was filed by the plaintiff, and on the issues thus formed, the case was submitted to a jury, and a verdict was returned for the sum of $203.87, with interest from October 7, 1915. A motion for new trial was duly filed and overruled. From the action of the court in overruling the motion for a new trial the defendants prosecute an appeal to this court. An order was made in the county court of Comanche county, Okla., requiring the plaintiff to remit the sum of $67.95, which sum was remitted on the 15th day of March, 1917, and thereupon judgment was rendered for the sum of $135.92, instead of the amount as found by the jury.

The first assignment of error urged for a reversal of this judgment is based upon the refusal of the lower court to admit in evidence a certain portion of Tariff No. 243, A. F., approved by the Interstate Commerce Commission. It was urged by the defendant that under the provisions contained in Tariff No. 243, A. F., that the privilege of diversion was an accommodation to the plaintiff, and was made by the defendants without assuming any responsibility for any delay that might result by reason of said diversion. That portion of the tariff rate that bears directly upon this point is as follows:

"The St. L. & S. F. R. R. Company and K. C. C. & S. R. R. Company will permit the reconsignment of freight while in their

possession solely as an accommodation to the owner if practicable to do so, and without assuming any responsibility in connection therewith, and subject to all the rules and exceptions outlined herein."

It is conceded by both counsel for the plaintiff and defendants that the shipment in question was an interstate shipment. When the foregoing evidence was offered, an objection was made to the introduction thereof, which objection was sustained by the trial court. There is no contention raised as to the validity of the provision contained in Tariff No. 243, A. F., approved by the Interstate Commerce Commission. It will be conceded for the purpose of this case that said provision is a valid and binding provision. So the sole question for determination is whether or not the trial court committed error in refusing to permit this evidence to be admitted. There was a stipulation entered into between the plaintiff and defendants, which stipulation is as follows:

"It is agreed: That the records show that on July 24, 1915, at 4 o'clock p. m., Frisco car No. 126728, containing bulk wheat, was spotted on the side track for unloading at the plant of the Oklahoma City Mill & Elevator Company in Oklahoma City, Okla. That the car was set in by the Chicago, Rock Island & Pacific switch crew. That the daily yard check book is checked every morning at 7 o'clock except Sunday, and that such check book shows that on Monday, July 26, 1915, Frisco car 126728 containing bulk grain was on track No. 1, Oklahoma City Mill & Elevator Company number. The track book further shows that the said car was still on the track at the same place at 7 o'clock on Tuesday morning July 27, 1915; and the track record further shows that at 7 o'clock on Wednesday, July 28, 1915, at 7 a. m., the said car was not on said track, but had been moved out some time between 7 a. m. on July 27, 1915, and 7 a. m. on July 28, 1915."

The evidence on the part of the defendants further shows that a freight train left Oklahoma City on Sunday afternoon at 5:15 p. m. for Kansas City, Mo., and that another freight train left on Monday and each day thereafter until the 28th day of July, 1915, at 5:45 p. m., at which time the car in question was finally sent out. Under the stipulation and undisputed evidence upon the part of the defendants, the car in question was permitted to set on the side track of the Oklahoma City Mill & Elevator Company from about 4 o'clock on the 24th day of July, 1915, until about 6 o'clock p. m., on the 27th day of July, 1915. Under the admissions of the defendants we are constrained to hold that the refusal of the court to admit the

evidence offered by the defendant was not error. The most reasonable construction of which the provision in said tariff rate is susceptible is that the defendants would be exempted from any liability by reason of delay that was reasonably and necessarily incident to making the diversion. This provision would not exempt the defendants from damages arising by reason of refusal or neglect to transport the car with reasonable dispatch when said delay was not the proximate result of making the diversion. The evidence further discloses that the car in question was set upon the track of the Oklahoma City Mill & Elevator Company without any authority so to do. The bill of lading, as originally issued, consigned the car to plaintiff, "Notify the Oklahoma City Mill & Elevator Company." Under this provision it was the duty of the defendants to hold possession of said car until notified by the consignor to deliver the shipment at the Oklahoma City Mill & Elevator Company, or until the Oklahoma City Mill & Elevator Company presented the bill of lading. In the case of St. L. & S. F. R. R. Co. v. Allen, reported in 31 Okla. 248, 120 Pac. 1090, 39 L. R. A. (N. S.) 309, the following rule is announced:

"A direction in a bill of lading to consignor's order to notify some one else does not warrant the carrier in delivering the property to the person so to be notified without the production of the bill of lading. The use of the term "notify" shows that the party to be notified was not intended as the consignee, but was simply to be advised on the arrival of the goods. The fact that a bill of lading is made out to the consignor's order makes this still plainer. Indeed, it has been held that such a contract is so plain and unambiguous that a custom in a certain city to deliver property under similar bills of lading to the person to be notified cannot be shown." Elliott on Railroads, vol. 4 (2d Ed.) § 1427; Thomas v. Blair, 185 Mich. 422, 151 N. W. 1041; Woolston v. Southern R. Co., 177 Mo. App. 611, 160 S. W. 1023; Furman v. Union Pac. R. Co., 106 N. Y. 579, 13 N. E. 587; North Pennsylvania Rd. Co. v. Commercial Bank of Chicago, 123 U. S. 727, 8 Sup. Ct. 266, 31 L. Ed. 287; Tedford v. Chicago, R. I. & P. R. Co., 116 Ark. 198, 172 S. W. 1006.

There is no evidence in this record that shows that the defendants were authorized by any one to place the car in question on the track of the Oklahoma City Mill & Elevator Company; but, on the contrary, the evidence affirmatively shows that the defendants acted without authority in placing the car on said track; hence whatever delay may

have resulted from its acts in thus placing the car on the track of the Oklahoma City Mill & Elevator Company is chargeable to the defendants, and is not a result of the diversion ordered to be made by the plaintiff.

It is urged that there was error committed by the lower court in admitting the testimony of F. E. Humphries and also the testimony of C. L. Fontaine, Jr, The particular part of the testimony of Mr. Humphries which is objected to is that part relative to a reasonable time required to make a diversion of a car from Oklahoma City to Kansas City. Mr. Humphries testified that he had been in the grain business about 17 years, and had had experience with shipments of grain during that length of time, and then was asked to state what was a reasonable length of time required to be consumed in diverting a car from Oklahoma City to Kansas City, and over the objection of the defendants was permitted to answer. This evidence was competent, and the objection urged by defendants would go more to the weight of the evidence than to its competency. A man whose experience covers 17 years, during which time he has made numerous and frequent shipments of grain and has on various occasions diverted shipments thus made, would certainly be competent to give his opinion as to what constitutes a reasonable time to make a diversion. At the time that this shipment was made Mr. C L. Fontaine, Jr., was employed by the Oklahoma City Mill & Elevator Company, and after his relations with said company ceased his deposition was taken at Wichita Falls, Tex., and used in the trial of said case. When his deposition was taken he was asked and permitted to testify as to the contents of certain records, not at that time in his possession, made by the Oklahoma City Mill & Elevator Company, relative to the movement of the car in question. Ordinarily the evidence complained of would not be admissible, and was not admissible in this case, but the identical facts concerning which Mr. Fontaine testified were agreed to by the plaintiff and defendants in the stipulation heretofore set out; hence the admission of this evidence was immaterial and could not affect the case either way.

We are therefore of the opinion that there was no error committed in the trial of this cause which warrants a reversal; but the record affirmatively shows that the defendants had a fair trial, and that the learned trial judge submitted the cause to a jury under instructions that properly state the law applicable to the facts in the case, and we therefore recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.